UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Troy G. Hammer,
        Plaintiff,

CIVIL RIGHTS
COMPLAINT

v.

Case No._____

Todd Hamilton, and
Samantha Schwartz-Oscar
        Defendants.

U.S. District Court
Wisconsin Eastern

OCT 1 3 2021

FILED
Clerk of Court

## I. INTRODUCTION

This is a civil rights action and jury demand filed pro se by Troy G. Hammer (a former prisoner), for compensatory, punitive damages, pain an suffering, and mental an emotional infliction damages authorized by 42 U.S.C. § 1983 to redress the deprivation of rights secured by the U.S. Constitution. The Plaintiff alleges Failure-to-Protect, Denial of Adequate and reasonable safety, and Denial/delay of Adequate Medical/Psychological Care, in direct violation of the Eighth Amendment's prohibition against Cruel and Unusual Punishment. In addition, Plaintiff also incorporates state-law medical malpractice and negligence claims.

## II. JURISDICTION

This Court has jurisdiction under 28 U.S.C. § 1331 and 1343(a)(3), and supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367. This Court also has authority to join claims pursuant to Rule 18(a), Fed. R. Civ. P.

## III. VENUE

The United States District Court for the Eastern District of Wisconsin is an appropriate venue under 28 U.S.C. § 1391 (b)(2) because all of the events or omissions occurred in this district.

## IV. PARTIES

Plaintiff Troy Hammer was at all times relevant to this action, a prisoner of the State of Wisconsin, incarcerated at Green Bay Correctional Institution (GBCI).

Defendant Todd Hamilton was at all times relevant to this action a Licensed Psychologist at GBCI, and was acting under the color of State-law. He is being sued in his individual capacity for compensatory and punitive damages.

Defendant Samantha Schwartz-Oscar was at all times relevant to this action a Licensed Psychologist at GBCI, and was acting under the color of State-law. She is being sued in her individual capacity for compensatory and

punitive damages.

## V. FACTUAL BACKGROUND

1. Plaintiff, Troy Hammer has a significant history of mental illness, suicide attempts and self-mutilation. He has witnessed excessive terms of unrelenting solitary confinement throughout his incarceration at GBCI with very little methods of construction rehabilitation. Among other things he mainly decompensates into these severe and uncontrolable suicidal and self-harmful states while in segregated isolation, which is well known to security and psychology staff to be deleterious to his psychological health. In addition, Plaintiff's acts of suicide and self-harm are a result to his inability to effectively cope with his unrelenting psychological conditions and inadequate methods of psychological care. Furthermore, the fact that security staff officials have a unprofessional and systematic tendency to wantonly disregard his personal safety when he notifies staff throughly of his suicidal ideation, plan, and intent, and/or voluntary request for a clinical observation placement as he is instructed to do so from psychology staff when experiencing suicidal thoughts and urges.

## VI. FACTUAL ALLEGATIONS

2. On June 2ᵗʰ, 2016, Plaintiff submitted 3 Psychological Service Request (PSR) slips stating, "how he's tried to seek help

from psychology staff and his psychological distress regarding his tendencies to dwell on the past, as well as the verbal abuse and unprofessional mistreatment by Dr. Forbes". Plaintiff also specifically stated, "that he has been contemplating suicide".

3. Plaintiff submitted 3 PSR slips on June 7th, 2016, indicating his risk of suicide and/or serious self-harm with other associated psychological distressors, because institution security staff had a historical practice of wantonly and unprofessionally disregarding Plaintiff's serious risk of suicide and/or self-harm.

4. Notably, Plaintiff has an extensive institution complaint history concerning the historical practices of employees at GBCI that involve Plaintiff's serious risk of suicide and/or self-harm being disregarded, as well as the historical practices of other inmates mistreatment at GBCI who have related symptoms of mental illness an significant tendencies of suicide and/or self-harm.

5. On the morning of June 8th, 2016, defendant Dr. Hamilton and Dr. Schwartz-Oscar were specifically assigned to the Restrictive Status Housing Unit (RSHU) duties, which included observation reviews and review/triage of all RSHU PSR slips submitted the previous day.

6. Notably, it was standard institution practice for Psychological

Service Unit (PSU) staff to conduct observation reviews, as well as triage all PSR slips (submitted the previous night, by inmates confined to the RSHU) by 9am each morning, and in the order of severity.

7. However, on the morning of June 8th, 2016, defendant Dr. Schwartz-Oscar recieved Plaintiff's 3 PSR slips and forwarded them to Dr. Hamilton without any practical and/or reasonable response measures, such as; a safety check or alerting security staff for an immediate preventive response to Plaintiff's serious risk of suicide and/or self-harm.

8. Once Dr. Hamilton reviewed Plaintiff's 3 PSR slips indicating suicidal contemplation, he also wantonly, willfully, and intentionally disregarded any trained form of practical and/or reasonable response measures, such as; a safety check or alerting security staff to an immediate preventive response to Plaintiff's serious risk of suicide and/or self-harm.

9. As to the matters stated in paragraphs 7 & 8, defendants Dr. Hamilton and Dr. Schwartz-Oscar deliberately and wantonly disregarded Plaintiff's significant risk of suicide and/or self-harm, as well as his rights under the State Patients' rights law (wis. Stat., 51.61 (1) (f)).

10. At approximately 12:00 pm - 12:30 pm, Plaintiff acted on his suicidal intent by significantly lacerating his neck and

left arm (in the pit of his elbow) with a razor, and passed out at one point due to loss of blood.

11. Plaintiff was finally observed at approximately 1:00 pm — 1:30 pm by RSHU security staff as they were escorting another inmate to an institution appointment.

12. Once security staff witnessed Plaintiff's state, they immediately alerted additional staff.

13. Plaintiff was then escorted to RSHU Health Services Unit (HSU) where his lacerations were treated by HSU staff, who determined Plaintiff needed advanced medical care.

14. Capt. Schultz questioned Plaintiff about what occurred while in HSU, and Plaintiff advised him of the 3 PSR slips he submitted the previous night and his depressive state.

15. Shortly after, Capt. Schultz then contacted Dr. Hamilton, who evaluated Plaintiff while in HSU. He ultimately determined that Plaintiff would be placed on clinical observation.

16. Plaintiff was then treated by advanced medical personal and medically cleared.

17. Plaintiff's neck laceration received a total of 10 sutures.

18. After Plaintiff was medically cleared, he was escorted to strip cell 621, where he awaited security staff to prepare a clinical observation cell.

19. While awaiting in strip cell 621, Plaintiff had contact with Dr. Schwartz-Oscar and complained of his 3 PSR slips. She also confirmed that she went through all PSR slips submitted the night before.

20. However, after Dr. Schwartz-Oscar reviewed Plaintiff's 3 PSR slips on the morning of June 8th, 2016, she knowingly questioned Plaintiff while in strip cell 621, in regards to what exactly was written on the 3 PSR slips, despite her just having reviewed forwarded the 3 PSR slips to Dr. Hamilton.

21. Plaintiff engaged in dialogue with Dr. Schwartz-Oscar and advised her of what was written on the 3 PSR slips.

22. After Dr. Schwartz-Oscar engaged in dialogue with Plaintiff in strip cell 621 concerning the 3 PSR slips submitted by Plaintiff the night before, she advised officer Diedrick to confiscate Plaintiff's retained copies in his cell that he communicated to her during their brief conversation while he was in strip cell 621.

23. Defendant Dr. Schwartz-Oscar intentionally disregarded

Plaintiff's significant risk of suicide as a result to her intimate relationships with other inmates, which she was placed under investigation for such conduct, and treated Plaintiff as a nuisance instead of as a patient.

24. Defendant Dr. Hamilton intentionally disregarded Plaintiff's significant risk of suicide as a result to his prejudice and unprofessional belief that Plaintiff was feigning his symptoms and/or being coached by other inmates as to what to write in his PSR slips.

25. Plaintiff was finally placed on clinical observation in cell 212 at approximately 3:00pm.

## VII. LEGAL CLAIMS
### COUNT I

26. Plaintiff re-alleges and incorporates by reference paragraphs 1-25, as though they were stated fully herein.

27. Defendants Dr. Hamilton and Dr. Schwartz-Oscar were deliberately indifferent to Plaintiff's serious risk of suicide and/or self-harm, resulting in the Denial of Reasonable and Adequate Medical/Psychological Care, as well as the unnecessary and wanton infliction of pain an suffering, in direct violation of the Eighth Amendment to the U.S. Constitution's

prohibition against Cruel and Unusual Punishment.

## COUNT II

28. Plaintiff re-alleges and incorporates by reference paragraphs 1-25, as though they were stated fully herein.

29. Defendants Dr. Hamilton and Dr. Schwartz-Oscar made substantial departures from accepted professional judgement concerning the lack of medical/psychological treatment of Plaintiff, in direct violation of the medical malpractice and negligence statute of the State of Wisconsin.

## VIII. PRAYERS FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant the following relief:

30. Declare that the acts and omissions described herein violated Plaintiff's rights under the U.S. Constitution and laws of the State of Wisconsin;

31. Order Defendants to pay compensatory and punitive Damages in the amount of $125,000 thousand dollars;

32. Order the recovery of all and any court costs and attorney fees;

33. Order the immediate and indefinite prohibition of

Defendants from any future employment in the Wisconsin Department of Corrections (WIDOC); and

34. Order any other justifiable relief this Honorable Court deems appropriate and necessary to deter Defendant's criminally reckless conduct and mistreatment of Plaintiff, as well as deter other WIDOC employees from such systematic conduct and mistreatment of inmates in the WIDOC system.

Dated this 11th day of October, 2021.

Respectfully Submitted,
s/ Troy Hammer
Troy G. Hammer
Pro se Plaintiff

PURSUANT TO 28 U.S.C. § 1746, I DECLARE AND VERIFY UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT, AS WELL AS BASED ON MY PERSONAL KNOWLEDGE. EXECUTED ON OCTOBER 11th, 2021.

s/ Troy Hammer
Troy G. Hammer
Pro se Plaintiff

ADDRESS:

Troy G. Hammer
3101 Sand Lake Rd.
Crandon, WI 54520