

UNITED STATES DISTRICT COURT
EASTERN DISTRICT - WI
FILED
EASTERN DISTRICT OF WISCONSIN
2022 APR 11 P 2:01
CLERK OF COURT

Troy G. Hammer,
      Plaintiff,

V.                                                              Case No. 21-CV-1183

Todd Hamilton, et al.,
      Defendants,

## MOTION TO EXTEND DISCOVERY AND/OR DISPOSITIVE MOTION DEADLINES

Plaintiff Troy Hammer, proceeding pro se, hereby moves this Honorable Court pursuant to Rule(s) 6(b) and 7(b), Fed. R. Civ. P. for an order extending the May 20th, 2022 deadline for an additional 180 days. (Dkt. No. 23). The grounds for this motion are supported by Hammer's Declaration and the following reasons:

1. Plaintiff has submitted (2) Requests for Production of Documents; (1) on December 26th, 2021, and another on February 1st, 2022. Defense counsel responded to each request by rejecting and/or advising Plaintiff to submit a request slip to Rae Boyer. However, Plaintiff is no longer incarcerated. Plus, he does not have the funds to purchase any discovery requests or travel to GBCI to review any document production requests. Therefore, he has no other way to obtain the properly filed and requested production of documents. (Hammer Decl. ¶¶ 1 – 3).

2. Plaintiff attempted to resolve these discovery issues and/or denials by writing to defense counsel on March 28th, 2022 and April 7th, 2022. (Hammer Decl. ¶¶ 1 and 4).

3. As a result to defense counsel's uncooperative responses and/or abuses of both productions of documents requests, Plaintiff is significantly unable to review any adequate documentation regarding this action to properly prepare for trial, dispositive motions, or responding to such a motion, and possibly do a motion to amend, as well as properly prepare interrogatories and/or requests for admissions so Plaintiff don't waist his discovery limits on frivolous and/or already established matters. (Hammer Decl. ¶ 5).

4. Plaintiff submitted his third discovery request on April 7th, 2022. (Hammer Decl. ¶ 6).

5. Plaintiff is going to need sufficient time to review all discovery requests once received to properly prepare his interrogatories and requests for admissions. (Hammer Decl. ¶ 8).

6. Plaintiff knows there's more relevant documents that defense counsel is not providing, because Plaintiff reviewed his records several different times while incarcerated at GBCI and CCI. However, Plaintiff still hasn't received all incident reports of all involved staff members concerning this action, as well as the 3 PSU slips submitted on 6/7/2016. (Hammer Decl. ¶ 7).

7. Plaintiff signed and returned the issued AUTHORIZATION AND INFORMED CONSENT FOR USE AND DISCLOSURE OF MEDICAL INFORMATION form on February 14th, 2022. However, Plaintiff still hasn't received his supplemental responses to medical record requests. (Hammer Decl. ¶ 9).

8. Lastly, defense counsel failed to comply with Rule 34, Civ. L. R. when they responded to Plaintiff's first request for production of documents by not reproducing the request to which it refers. (See Ex. 001 – Ex. 004).

Dated this 7th day of April, 2022.

                                                    Respectfully Submitted,
                                                    S/ *Troy Hammer*
                                                    Troy G. Hammer
                                                    Pro se Plaintiff

Troy G. Hammer
3101 Sand Lake Rd.
Crandon, WI 54520
(715) 478-1167