Troy G. Hammer,

        Plaintiff,

v.

                                 Case No. 21-CV-1183

Todd Hamilton, et al.,

        Defendants.

---

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

---

Pursuant to Rule 34 & 26, Fed. R. Civ. P., the Plaintiff requests that Defendants produce the following documents within 30 days of service upon you.

1. All GBCI Health Services Unit (HSU) records of triage and medical treatment for injuries on June 8th, 2016 – August 8th, 2016.

2. All DAI policies, EDs, and Doc Adm. Codes concerning

methods of protocols, triage, and proper documentation for HSU staff in emergency situations that occurred on June 8th, 2016,

3. Several colored pictures of different angled views (of cell #408 in the RSHU), immediately after the incident occurred on June 8th, 2016.

4. All BBCI Psychological Services Unit (PSU) records of contact, triage, and treatment on June 8th, 2016,

5. All DAI policies, EDs., and DOC. Adm. Codes concerning methods of protocols, triage, treatment, and proper documentation for PSU staff.

6. All synchronized digital recordings of the self-harm incident that occurred on June 8th, 2016.

7. The complete process of the institution complaint filed on this matter.

8. A weeks copy of the Visitor's sign in log sheet for the RSHU at GBCI (that's usually in the very main

Ex. 001-002

entrence of the RSHU), from 6/5/2016 - 6/12/2016.

9. All descriptions of employee positions, such as; PSU staff, HSU staff, Lts., Capts., Wardens, Deputy Wardens, Security Directors, Complaint Examiners, and Correctional Officers.

10. Records of all employees assigned to the RSHU on June 7th, 2016 - June 8th, 2016, for each shift.

11. All incident reports filed on this serious self-harm incident on June 8th, 2016, for each shift.

12. All investigative reports by either the Security Director, Captains, Lieutenants, and/or Institution Complaint Examiner (ICE) concerning the self-harm incident on June 8th, 2016.

13. All digital pictures taken on June 8th, 2016, of Plaintiff's injuries.

14. All copies of Psychological Services Requests (PSRs) slips submitted on June 7th, 2016.

Ex. 001-003

15. All DAI policies, EDs, and Doc Adm. Codes concerning complaint procedures and investigative reports through the complaint process, that deal with Plaintiff's serious self harm incident on June 8th, 2016.

16. All documentation regarding Plaintiff's previous acts of suicide attempts and/or self-harm for the past 6 months before June 8th, 2016.

17. Any institution policy, DAI policy, EDs, and Doc Adm. Codes concerning PSU staff's duties for crisis prevention, observation reviews, triage of submitted PSR slips.

18. A copy of Plaintiff's complete complaint history while in the DOC.

19. All records of employee discipline that our involved in this action as defendants and/or complaints that have been filed against them.

20. All observation log sheets concerning Plaintiff placement into clinical observation on June 8th, 2016.

21. This document production request is not all inclusive,

EX.001-004

but Plaintiff expects all proper medical and security documentation of the self-harm and/or serious suicide attempt (as such documentation is explicitly required by policy, training protocols, and institution regulations) when such incidents occur.

Dated this 26th day of December, 2021.

Respectfully Submitted,

Troy Hammer

Troy G. Hammer
Pro se Plaintiff

Troy G. Hammer
3101 Sand Lake Rd.
Crandon, WI 54520

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

TROY G. HAMMER,

        Plaintiff,

    v.                          Case No. 21C1183

TODD HAMILTON AND
SAMANTHA SCHWARTZ-OSCAR,

        Defendants.

## DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR DOCUMENT PRODUCTION

Defendants Todd Hamilton and Samantha Schwartz-Oscar, by their attorneys, Wisconsin Attorney General Joshua L. Kaul and Assistant Attorney General Kevin L. Grzebielski, respond to Plaintiff's First Request for Document Production, as follows:

1.    All GBCI Health Services Unit (HSU) records of triage and medical treatment for injuries on June 8th, 2016 – August 8th, 2016.

**RESPONSE: Objection, Defendants do not have a signed medical authorization from the Plaintiff. Defendants have included a medical authorization for Plaintiff and will supplement the responses within a reasonable time from the date of receipt of Plaintiff's fully executed medical authorization. Additionally, Plaintiff has access to his own**

2.     All DAI policies, EDS, DOC Adm. Codes and institution regulations concerning methods of protocols, procedures, and authorizations when force may be used.

> **RESPONSE: Counsel OBJECTS that the request is overly broad, vague, and requires speculation on the part of Defendants to respond. Counsel further OBJECTS that it requests documents that are confidential for security reasons. DAI 306.07.01 is a restricted policy that contains information regarding the guidance in the use of force to minimize the likelihood of injury to employees, the general public, and inmates. Releasing this document to an inmate could present a safety and security risk by giving the inmate access to information he may use to hinder or circumvent the established processes.**
>
> **Subject to these objections, Plaintiff may send an information request to Litigation Coordinator Rae Boyer at Columbia Correctional Institution to schedule a time to review the restricted policy. At the time of review, Plaintiff may take notes on relevant portions of the policy, but he may not keep a copy of the policy. Plaintiff may also refer to DAI 500.70.10 Mechanical Restraints effective June 18, 2018, produced at Bates DOC-001-013; and Wisconsin Administrative Code Chapter DOC 306.07 Use of Force, produced at Bates DOC-014.**

Ex. 002-002

3.    All digital recording from the hand held video recorder and all present staff's body cameras on November 6th, 2018.

**RESPONSE: Counsel OBJECTS that the request is overly broad, vague, and requires speculation on the part of Defendants to respond. Subject to these objections, Plaintiff may send an information request to Litigation Coordinator Rae Boyer at Columbia Correctional Institution to schedule a time to view the 3 videos regarding the November 6, 2018 incident. At the time of review, Plaintiff may take notes, but he may not keep a copy of the videos.**

4.    All incident reports filed on the incident that occurred on November 6th, 2018, including my restraint placement.

**RESPONSE:  Counsel OBJECTS that the request is overly broad, vague, and requires speculation on the part of Defendants to respond. Subject to these objections, Plaintiff may refer to 7 Incident Reports (349870, 349893, 350145, 349879, 349888, 350235, and 349862) regarding the November 6, 2018 incident, produced at Bates DOC-015-036.**

5.    The complete process of the institution complaint filed on this matter.

**RESPONSE:  Counsel OBJECTS that the request is overly broad, vague, and requires speculation on the part of Defendants to respond. Subject to these objections, Plaintiff may refer to 3 relevant inmate complaints:  CCI-2018-24548, CCI-2018-24549, and CCI-2019-8821, produced at Bates DOC-037-106.**

Ex. 002-003

6.    The digital records of a incident that occurred sometime between October 29th, 2018 – November 5th, 2018 where I was in the restraint chair and the same exact thing occurred an not one officer felt it necessary to use any kind of force while Plaintiff was in the chair.

**RESPONSE:  Counsel OBJECTS that this is not relevant to any claim in the case, is overburdensome, and is not proportionate to the needs of the case.**

7.    All digital records of the incident that occurred on March 22nd or 23rd, 2019, where staff had to suit up to remove me from my cell due to severe back pain... including all incident reports and medical evaluations.

**RESPONSE:  Counsel OBJECTS that this is not relevant to any claim in the case, is overburdensome, and is not proportionate to the needs of the case.**

8.    All records of each defendants' complaint history and/or misconduct.

**RESPONSE:  Counsel OBJECTS that this is not relevant to any claim in the case, is overburdensome, and is not proportionate to the needs of the case. Counsel further OBJECTS that personnel files are confidential. Notwithstanding these objections, there are no records of Defendants being disciplined as a result of the incident at issue in this case.**

9.    All investigative reports by either the Security Director, Captains, Lieutenants, Wardens, Deputy Wardens, and/or the Institution Complaint Examiner

Ex. 002-004

(ICE) after the filing of the inmate complaint (or before) concerning the use of excessive force.

**RESPONSE: There are no investigative reports regarding the November 6, 2018 incident. Plaintiff may refer to the incident reports DOC-015-036 and inmate complaints DOC-037-106, produced as response nos. 4 & 5 above.**

10.   All records of each defendants' disciplinary history since their employment in the WI DOC.

**RESPONSE: See Response to No. 8.**

11.   All digital recordings of all present staff's body cams during the incident that occurred on or around October 29th, 2018 – November 6th, 2018... involving a different restraint chair placement.

**RESPONSE: See Response to No. 6.**

12.   All documentation of Plaintiff's control placement on November 6th, 2018... instead of a clinical observation placement after selfharm and continued suicidal threats.

**RESPONSE: Counsel OBJECTS that the request is overly broad, vague, and requires speculation on the part of Defendants to respond. Subject to these objections, Plaintiff may refer to relevant Observation of Inmate Form DOC-112, produced at Bates DOC-107-114.**

Ex. 002-005

13.    All medical records, evaluations, and assessments by HSU staff for self-harm injuries on November 6th, 2018.

**RESPONSE: See Response to No. 1.**

14.    All DAI policies, ED's, DOC Adm, Codes, and institutional procedure/regulations concerning the proper documentation when control placements and clinical observation placements etc., etc. occur.

**RESPONSE:   Counsel OBJECTS that the request is overly broad, vague, and requires speculation on the part of Defendants to respond. Subject to these objections, Plaintiff may refer to DAI Policy 500.70.24 Clinical Observation effective April 20, 2018, produced at Bates DOC-115-122, and Wisconsin Administrative Code Chapter DOC 311 Observation Status, produced at Bates DOC-123-126.**

15.    All incident reports pertaining to a incident that occurred sometime between October 31st, 2018 – November 5th, 2018... involving a different restraint chair placement.

**RESPONSE: See Response to No. 6.**

16.    This document production request is not all inclusive, but Plaintiff expects all proper medical and security documentation of each specific request (as such documentation is explicitly required by policy, training protocols, and institution regulations) when such incidents occur.

**RESPONSE: Counsel OBJECTS that this is not a request for the production of any identifiable documents.**

Ex. 002-006

Dated January 24, 2022.

Respectfully submitted,

JOSHUA L. KAUL
Attorney General of Wisconsin

Electronically signed by:

/s/ Eliot M. Held
ELIOT M. HELD
Assistant Attorney General
State Bar #1079681

Attorneys for Defendants.

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-8554
(608) 294-2907 (Fax)
heldem@doj.state.wi.us

Ex. 002-007

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Troy G. Hammer,
        Plaintiff,

v.                              Case No. 21-CV-1183

Todd Hamilton, et al.,
        Defendants.

---

## PLAINTIFF'S SECOND REQUEST FOR PRODUCTION
## OF DOCUMENTS

---

Pursuant to Rule 26 & 34, Fed. R. Civ. P., Plaintiff requests that Defendants produce the following documents within 30 days of service upon you.

1. All institution messages between DOC employees that were involved in the incident that occurred on June 8th, 2016.

Dated this 1st day of February, 2022.

Respectfully Submitted,

Troy G. Hammer

Troy G. Hammer
Pro se Plaintiff

Troy G. Hammer
3101 Sand Lake Rd.
Crandon, WI 54520

Ex. 003-002

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

TROY G. HAMMER,

        Plaintiff,

    v.                         Case No. 21C1183

TODD HAMILTON AND
SAMANTHA SCHWARTZ-OSCAR,

        Defendants.

---

## DEFENDANTS' RESPONSE TO PLAINTIFF'S SECOND REQUEST FOR DOCUMENT PRODUCTION

---

Defendants Todd Hamilton and Samantha Schwartz-Oscar, by their attorneys, Wisconsin Attorney General Joshua L. Kaul and Assistant Attorney General Samir S. Jaber, respond to Plaintiff's Second Request for Document Production, as follows:

1.    All institution messages between DOC employees that were involved in the incident that occurred on June 8th, 2016.

**RESPONSE: Counsel for Defendants OBJECTS to this request on the grounds that it is vague as to "messages," overly broad as to date and subject matter, and unduly burdensome. If Plaintiff narrows his request by identifying specific employees, timeframe, and type of communication, Defendant will revisit this request and respond as appropriate.**

Ex.004-001

Dated: April 1, 2022

Respectfully submitted,

JOSHUA L. KAUL
Attorney General of Wisconsin

s/Samir S. Jaber
SAMIR S. JABER
Assistant Attorney General
State Bar #1076522

Attorneys for Defendants

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 267-2229
(608) 294-2907 (Fax)
jaberss@doj.state.wi.us

2

EX. 004-002

Date: March 28th, 2022

To: AAG Samir S. Jaber
    Wisconsin Department of Justice
    17 W. Main St.
    P.O. Box 7857
    Madison, WI 53707-7857

From: Troy G. Hammer
    3101 Sand Lake Rd.
    Crandon, WI 54520

Re: Hammer v. Hamilton, et. al., Case No. 21-CV-1183
    DISCOVERY RESOLUTIONS

        Dear Mr. Jaber:

        I sent discovery request for the above referenced case on December 26th, 2021 and February 1st, 2022. However, responding defense counsel's objections to my discovery requests substantially interfere with my trial preparations, motion for summary judgement and/or opposing such a motion, as well as to properly prepare other discovery requests under Rules 33 and 36, Fed. R. Civ. P. and/or motion to amend complaint.

        The objections to and/or denial of such discovery requests will impose undue hardships to obtain, because I don't have the funds to purchase and/or the transportation to travel way down south (approximately 4 hours) to review any discovery requests. Plus, such objections and/or denials of discovery requests violate Rule 26(a)(3) and (b)(3), as well as Rule 34(a) and (b), Fed. R. Civ. P.

        I respectfully request that defense counsel provide the following discovery requests (Ex. 001) as required to provide upon such a request (Rule 34(a) and (b), Fed. R. Civ. P.) and within the time limit. (Rule 34(b)(2), Fed. R. Civ. P.)

### FIRST REQUEST FOR PRODUCTION OF DOCUMENTS (Ex. 001)

        RESPONSE ¶ 1: I need all Health Services Unit (HSU) and Psychological Services Unit (PSU) documentation from June 7th, 2016 – August 8th, 2016 concerning my medical and continuing care of wounds or HSU/PSU contact regarding the incident that occurred on June 8th, 2016, such as, but not limited to DOC-27, DOC-27B, DOC-111, DOC-112, DOC-2466, DOC-3035, DOC-3035B, DOC-3473, DOC-3509, DOC-223, DOC-3502, DOC-3021, DOC-3023, DOC-3437, DOC-3639 and any other required documentation under similar circumstances. Ex. 005-001

RESPONSE ¶ 2: I would like the following DAI policies 500.30.11, 500.10.08, 500.10.01, 500.70.12, 500.70.03, 500.70.05, 500.70.18, 500.10.33, 500.70.20, 300.00.71, 303.30.16, 311.00.01, 500.00.04, 500.11.03, 500.70.18, 500.30.18, 500.70.02 and BHS 101:03.

RESPONSE ¶ 3: There are responsive documents to this request as it is evident in staff's incident reports, as well as required by law to document such matters under the circumstances.

RESPONSE ¶ 4: Please see response to paragraph 1 (above).

RESPONSE ¶ 5: Please see response to paragraph 2 (above).

RESPONSE ¶ 6: There are digital recordings of my cell (#408) and this incident that occurred at approximately 2:00 p.m. on June 8th, 2016, because Security Staff were recording before they removed me from my cell, and it is standard institution practice and procedure, as well as required by law.

RESPONSE ¶ 11: I still haven't received all incident reports (DOC-2466) of all involved Security Staff's involvement regarding the incident when staff initially observed me in cell #405 at approximately 2:00 p.m. on June 8th, 2016.

RESPONSE ¶ 13: There are responsive documents to this request as it is evident in Security Staff's incident reports, as well as standard institution practice and procedure and required by law.

RESPONSE ¶ 14: I've signed the medical authorization and sent it back on approximately 2/11/2022.

Dated this 28th day of March, 2022

Respectfully Submitted,

S/ Troy Hammer

Troy G. Hammer

Pro se Plaintiff

Troy G. Hammer
3101 Sand Lake Rd.
Crandon, WI 54520

Ex. 005-002

Date: April 6th, 2022

To: AAG Samir S. Jaber
    Wisconsin Department of Justice
    17 W. Main St.
    Madison, WI 53707-7857

From: Troy G. Hammer
    3101 Sand Lake Rd.
    Crandon, WI 54520

Re: Hammer v. Hamilton, et al., Case No. 21-CV-1183
    DISCOVERY RESOLUTIONS

Dear Mr. Jaber:

I sent my second production of documents on March 28th, 2022. However, you responded on April 1st, 2022, with objecting and some instructions. I would like all email messages regarding the incident that occurred on the morning of June 8th, 2016, at approximately 1:30 p.m. The messages I'm looking for include, but not limited to messages from Captain Schultz, Lieutenant Elsinger, Sergeant Mejia, Sergeant Wickman, Dr. Hamilton, Dr. Schwartz-Oscar, Dr. Ching, Dr. Zirbel, Officer Diedrick, officer Turck, officer Nemetz, officer Graf, officer Meyer, officer Mader, officer Wheaton, officer Buhle, and RN Huempfner, as well as any other security staff member that was on duty on June 8th, 2016, and/or had involvement in the incidents that occurred throughout that day.

Dated this 7th day of April, 2022.

Respectfully Submitted,

S/ Troy Hammer

Troy G. Hammer
Pro se Plaintiff

Troy G. Hammer
3101 Sand Lake Rd.

Ex. 006-001

1

Crandon, WI 54520

Ex.006-002

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

Troy G. Hammer,
           Plaintiff,

V.                                                    Case No. 21-CV-1183

Todd Hamilton, et al.,
           Defendants.

---

PLAINTIFF'S THIRD REQUEST FOR PRODUCTION

OF DOCUMENTS

---

Pursuant to Rules 34 and 26, Fed. R. Civ. P., Plaintiff requests that defendants produce the following requests within 30 days of service upon you.

1. Provide any and all disclosures of expert testimony that defendants' intent to use at trial.

2. Provide any and all information about the evidence that defense counsel intends to present at trial.

3. All digital recordings of cell #408 after Plaintiff's self-harm occurred on June 8th, 2016, at approximately 1:30 p.m., as well as my restraint placement at approximately 6:00 p.m.

4. All required DOC forms concerning clinical contact by PSU and HSU staff, such as, but not limited to; DOC-27, DOC-27B, DOC-111, DOC-3473, DOC-223, DOC-3602, DOC-3659, DOC-3511, DOC-3502, DOC-3021, DOC-3023, DOC-3639

5. Several different angled colored pictures of the RSHU's mail box (opened and closed).

6. The 3 Psychological Services Request (PSU) slips submitted on June 7th, 2016.

7. All on duty (first-shift) Security Staff in the RSHU on the morning of June 8th, 2016.

Dated this 7th day of April, 2022.

Respectfully Submitted,

S/ Troy Hammer

Troy G. Hammer

Ex. 007-001

Pro se Plaintiff

Troy G. Hammer
3101 Sand Lake Rd.
Crandon, WI 54520

Ex. 007-002

## AUTHORIZATION AND INFORMED CONSENT
## FOR USE AND DISCLOSURE OF MEDICAL INFORMATION

I, **Troy G. Hammer (DOC#489983)**, date of birth **08/05/1989**, hereby authorize, and provide informed consent for the **Department of Corrections** and any employee or representative thereof ("Health Care Provider"), to use and disclose certain health information ("Protected Health Information" or "PHI"), as described below, for the purpose of pursuing and/or defending against the claims raised in *Hammer v. Hamilton, et al.* USDC – **Eastern District Case No. 21-CV-1183**.

**A.    Protected Health Information To Be Used and Disclosed.**

The PHI whose use and disclosure I am hereby authorizing includes all records, reports, documents, materials, notes, memoranda, correspondence, x-rays, photographs, insurance forms and all billings in Health Care Provider's possession that relate to my physical or mental condition.  This information specifically includes the following:

- Information that may not be contained in the clinic/hospital/medical chart and information that may have been generated by persons, entities, or providers other than Health Care Provider.

- Counseling, psychological, and/or psychiatric records, including psychotherapy notes of a health care provider that are separated from the rest of my health care record, alcohol and/or drug treatment records, and HIV and/or AIDS test results and intervention program records.

- Records of the Department of Corrections that contain protected health information (PHI) may include a Division of Adult Institutions and/or Division of Juvenile Corrections Health Care Record, Social Services File or Division of Community Corrections file.

- All patient health care records, prepared as a result of any examination, care, or treatment that occurred before the date of this authorization and that may occur between the time this authorization has been signed and the time it expires.

**B.    Who May Receive My PHI.**

I authorize Health Care Provider to disclose my PHI, for the purpose of pursuing and/or defending against the claims raised in the Legal Matter, to the State of Wisconsin Department of Justice, including **Assistant Attorney General Kevin L. Grzebielski**, and any other employee or representative thereof; any experts or other witnesses; other parties involved in the Legal Matter and their attorneys; court reporters; and court personnel.

**C.    Expiration and Revocation of Authorization.**

I may revoke this authorization at any time except to the extent that Health Care Provider has already taken action in reliance on it.  My revocation must be made in writing and must be delivered to Wisconsin Department of Justice at Box 7857, Madison, Wisconsin 53707-7857.  Unless I revoke it earlier, this authorization is effective until TWO (2) YEARS FROM THE DATE OF SIGNING OR AT THE CONCLUSION OF THIS LAWSUIT, WHICHEVER IS LATER.  I **understand that if I revoke this authorization the Wisconsin Department of Justice may ask the court to dismiss my action.**

**D.    Redisclosure and Conditioning of Services.**

**Redisclosure.**  I am aware that, if the recipients of my PHI are not health care providers or persons that are subject to federal health privacy laws, information they receive may lose its protection under federal health privacy laws, and those persons may be permitted to re-disclose the information without my prior approval.

**Conditioning of Services.**  I am aware that my permission to disclose my PHI is voluntary, and that I may refuse to give this permission.  I am aware that Health Care Provider may not, except as permitted under applicable law, refuse to provide me treatment or other health care services if I refuse to give this permission.

Ex. 008-001

**E.    Certification.**

*I have read this authorization, and I sign it voluntarily.  I am aware that a photocopy of this authorization shall be considered as valid as the original.  I am aware that I have the right to inspect and receive, at my expense, copies of certain materials disclosed under this authorization, as set forth in Wis. Admin. Code, ch. HFS §§ 92.05 and 92.06.*

_2/14/2022_
DATE

_Troy Hammer_
Troy G. Hammer

### **\*\*PATIENT IS ENTITLED TO A COPY OF SIGNED AUTHORIZATION\*\***

**NOTICE TO RECIPIENT(S):**

DISCLOSURE NOTICE TO RECIPIENT OF PSYCHIATRIC, ALCOHOL, AND/OR DRUG TREATMENT RECORDS: This information has been disclosed to you from records whose confidentiality is protected by federal law.  Federal regulations (42 C.F.R. § 2) prohibit you from making any further disclosure of it without the specific written consent of the person to whom it pertains or as otherwise permitted by such regulations.  A general authorization for the release of medical information is NOT sufficient for this purpose.  This authorization complies with the provisions of § 51.30, Wis. Stats. and Admin. Code ch. DHS 92.

This authorization is issued in accordance with 45 C.F.R. § 164.508, §§ 146.81 and 51.30, Wis. Stats., and Public Law 92-282.  If the Legal Matter involves a claim to recover damages for personal injuries, you must provide the patient's attorneys with copies of records received, or notification of receipt of those records, within ten (10) days following the inspection or receipt, pursuant to § 804.10(3), Wis. Stats.